FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) TAMENEND MATTHEWS    NC5026
(Name of Plaintiff)    (Inmate Number)

P.O. Box 200  CAMP HILL, PA 17001
(Address)

(2) _____
(Name of Plaintiff)    (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) SHERRY BARBOUR, RECORDS SUPERVISOR

(2) DIANE YALE, RECORDS SUPERVISOR

(3) LAWRENCE MAHALLY, SUPERINTENDENT
(Names of Defendants)
(4) JUSTIN ADAMS, COUNSELOR

(Each named party must be numbered,
and all names must be printed or typed)

3:18-cv-515
(Case Number)

CIVIL COMPLAINT

FILED
SCRANTON

MAR 05 2018

PER _____
DEPUTY CLERK

TO BE FILED UNDER: __X__ 42 U.S.C. § 1983 - STATE OFFICIALS

_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  PREVIOUS LAWSUITS

   A.  If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   NONE

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? _X_ Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ___ Yes _X_ No

C. If your answer to "B" is Yes:

 1. What steps did you take? _____

 2. What was the result? _____

D. If your answer to "B" is No, explain why not: I WAS UNAWARE OF MY DETENTION BEYOND MY MAXIMUM SENTENCE UNTIL AFTER MY RELEASE.

## III. DEFENDANTS

(1) Name of first defendant: SHERRY BARBOUR
Employed as RECORDS SUPERVISOR at SCI CAMP HILL
Mailing address: P.O. Box 8837 CAMP HILL, PA 17001

(2) Name of second defendant: DIANE YALE
Employed as RECORDS SUPERVISOR at SCI DALLAS
Mailing address: 1000 FOLLIES ROAD DALLAS, PA 18612

(3) Name of third defendant: ~~LT~~ LAWRENCE MAHALLY
Employed as SUPERINTENDENT at SCI DALLAS
Mailing address: 1000 FOLLIES ROAD DALLAS, PA 18612 (SEE ATTACHED)

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. ON 02-02-16 I WAS RESENTENCED TO ~~NINE (9)~~ TO TWENTY-FOUR (24) MONTHS FOR DELIVERY OF A CONTROLLED SUBSTANCE, WITH APPROXIMATELY 710 DAYS TIME CREDIT, TO COMMENCE AT THE END OF MY ~~PAROLE~~ MAXIMUM (EXPIRED ON 02-15-16) (SEE ATTACHED)

2

The parole violation was under 09-CR-308. The re-sentence under 13-CR-1867 in Lackawanna County Court of Common Pleas.

2. On 02-22-16, my new sentence and time credit was entered along with my new sentence at which point I completed my maximum parole sentence in a prior case on 02-05-16. This entry was done by the Records Department at SCI Camp Hill, which is (at the time of entry) supervised by ~~Sharon~~ Ms. Barbour (See Attached)

3. On 02-22-16, I was at my maximum sentence ~~on my case~~ following my parole maximum. I wrote a request to Records at SCI Dallas, which was supervised by Ms. Yale, to inquire about the sentencing order from 02-02-16 and was told "there was no record". Mr. Mahally is the Superintendent of SCI Dallas, where I was held until 03-27-16. (See attached)

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. The defendants, Ms. Barbour, Ms. Yale; and Mr. Mahally, are responsible for the ~~thirty~~-four (34) days I was held beyond my maximum sentence. Therefore, I am seeking punitive damages in the amount of $34,000 or $1,000 per day. (See attached)

2. 

3. 

3

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___28TH___ day of ___FEBRUARY___, 20_18_.

_____
(Signature of Plaintiff)

I. DEFENDANTS (CONTINUED)

(4) NAME OF FOURTH DEFENDANT: JUSTIN ADAMS
EMPLOYED AS: COUNSELOR AT SCI DALLAS
MAILING ADDRESS: 1000 FOLLIES ROAD DALLAS, PA 18612

## IV. STATEMENT OF CLAIM

1. On February 2, 2016, before Honorable Vito Gerould of Lackawanna County Court of Common Pleas, I was resentenced to nine (9) to twenty-four (24) months for possession with intent to deliver ("Count 1") followed by three (3) years probation for criminal use of a communication facility ("Count 2"), in criminal matter 13-CR-1867. At this time, I was serving a parole violation of twenty-four (24) months and twenty-eight (28) days, in criminal matter 09-CR-308, which had a controlling maximum date of February 5, 2016.

2. On or about February 4, 2016, I met with Jane Doe parole staff member of SCI Dallas, which was the institution where I was housed. At this time, Doe presented a probation agreement form, reflecting a five year probation sentence, for me to sign. I then declined to sign this form and explained to Doe that I was resentenced on February 2, 2016 to three (3) years of probation with respect to Count 2. Doe said, "I have nothing reflecting that," and that she would, "look into it."

3. On February 5, 2016, my controlling maximum date in 09-CR-308 expired. As I was not informed how much time I was credited at my resentencing in 13-CR-1867, I wrote a request to the Records Department at SCI Dallas regarding my new sentence and credited time. This Records Department is supervised by Diane Yale, Records Supervisor at SCI Dallas. I received a response from Jane Doe Records Specialist on or about February 24, 2016 from Jane Doe which said, "Nothing is showing in the system," and that I had to, "wait on Records at SCI Camp Hill to update the system."

Statement of Claim (Continued)

4. On or about February 28, 2016, I wrote a request to Justin Adams, my institutional block counselor at SCI Dallas, regarding my new sentence of nine (9) to twenty-four (24) months. Also, being as by my calculation at the time, I informed Counselor Adams that I was approaching my parole minimum in 13-CR-1867, and that I should be seeing parole staff. On or about March 1, 2016, I received a response from Counselor Adams stating "when parole wants to see you they will let you know." To my knowledge, there was no attempt on Counselor Adams' part to look into my new sentence in 13-CR-1867.

5. On March 27, 2016, while working in the kitchen at SCI Dallas I was told to return to my housing unit. I was then told by Officer Ferrera, the officer on my housing unit, that "I wasn't supposed to be there," and to "pack up" because I was being released. I then was told to report to Counselor Adams where I was told that I was "going home today," and could I call "someone to pick me up from SCI Dallas. I then returned to my unit, gathered my property, met with John and Jane Doe Parole and Probation Staff Members and signed an aknowledgement of probation form instructing me to report to Scranton Parole and Probation Office within twenty-four (24) hours. I was then released from SCI Dallas.

6. On March 28, 2016, I reported to the Scranton Parole and Probation Office, where I was told my probation was being supervised by Lackawanna County Adult Probation. I reported to Lackawanna County Probation and met with John Doe Supervisor. At this meeting, I was shown a court order from my resentencing on February 2, 2016 that credited me with about seven-hundred and ten (710) days on my sentence in 13-CR-1867. As I was never given a copy of this order, I do not know the exact number of days I was credited.

7. Upon my current commitment at SCI Camp Hill for an unrelated matter, I was issued a "DC-16E Status Summary" which reflects on page three (3) under "5. Detainers" a deleted detainer in connection with 13-CR-1867. The deleted detainer was dated "2/22/2016" with a remark of "Re-entry". This re-entry was done by Jane Doe Record Specialist at SCI Camp Hill upon receipt of the sentencing order received from February 2, 2016. SCI Camp Hill Records is supervised by Records Supervisor Sherry Barbour (see copy of "Page 3 of 5" issued at SCI Camp Hill).    J. [signature] 2/28/2018

8. As Superintendent at SCI Dallas, Lawrence Mahally is in charge of daily operation at SCI Dallas. Superintendent Mahally is thus an individual who is responsible for the actions of institutional staff. Also Superintendent Mahally is responsible for my incarceration beyond my maximum sentence, as I was held physically at SCI Dallas where Mahally is the Pennsylvania Department of Corrections officer in charge.

9. Wherefore, I assign responsibility for my incarceration beyond my maximum sentence - a violation of the Eighth Amendment of the United States Constitution - to Records Supervisor Sherry Barbour at SCI Camp Hill; Records Supervisor Diane Yale at SCI Dallas; Superintendent Lawrence Mahally at SCI Dallas; and Justin Adams, Counselor at SCI Dallas. The defendants are responsible in their individual capacity, as well as in their official capacity as employees of the Pennsylvania Department of Corrections.

## V. Relief

1. Defendants Barbour, Yale, Mahally and Adams are liable, in their individual capacities, for cruel and unusual punishment. I am seeking $1,000 per day from each defendant.

2. Defendants Barbour, Yale, Mahally and Adams are also liable, in their official capacities as Pennsylvania Department of Corrections employees, for cruel and unusual punishment. I am seeking an additional $1,000 per day from each defendant.

3. If a ruling is granted in my favor, I am also seeking payment of filing fees and other incurred court costs from the above named defendants.

*[signature] 2/28/2018*

Name: Tamenend Matthews          Inmate #: NC5026          Closed Version No:1  Dated 10/4/2017 9:32:31 AM

## 4. NON-INCARCERATED OFFENSES

| Sent Date | County/State/Federal | Indictments |
|---|---|---|
| None | | |

| Comments | |
|---|---|
| | |

## 5. DETAINERS

**Active Detainers**

| Detainer# | Date | Agency | Agency Identification | OTN | Type |
|---|---|---|---|---|---|
| | | | | | |
| Remarks | None | | | | |

**Deleted Detainers (For those deleted since last DC16)**

| Detainer# | Date Deleted | Agency | Agency Identification | OTN | Type |
|---|---|---|---|---|---|
| 1 | 2/22/2016 3:59:59 PM | LACKAWANNA CTY | CP1867-13CT1 | T3659353 | Dept Of Corrections |
| Remarks | RE-ENTRY | | | | |

## 6. PRIOR DOC NUMBERS

| MJ7457 | KL3893 | | | | | | | |
|---|---|---|---|---|---|---|---|---|

## 7. ACTIONS: BOARD OF PARDONS

| Decision Date | File Number | Action | Comments |
|---|---|---|---|
| None | | | |

**Last Modified By: Pelter, Kelli Ann**
**Signed Off By: Pelter, Kelli Ann**                                      **Institution: Camp Hill**

Sir or Madam:

Enclosed, please find:

1. Completed Application to Proceed In Forma Pauperis;
2. Completed Authorization (under 28 U.S.C. § 1915(a)(2);
3. Completed Civil Complaint form (under 42 U.S.C. § 1983);
4. Attached to civil complaint form, three pages answering Sections III, IV and V of this form;
5. A copy of page 3 of DC-16E "Status Summary" supporting my claim in the civil complaint;
6. Eight (8) USM-285 forms, completed;
7. Four (4) completed AO398 forms; and
8. Four (4) completed AO399 forms.

Please note I am filing pro se. Therefore, I am seeking some form of documentation to assist in procuring documents from the Pennsylvania Department of Corrections, as well as from the Lackawanna County Court of Common Pleas.

I thank you for your assistance.

Respectfully,

Tamenend Matthews NC5126
P.O. Box 200
Camp Hill, PA 17001



INMATE MAIL

IAMENE_ND MATTHEWS
INMATE No. NC5026
P.O. Box 200
CAMP HILL, PA 17001

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
235 NORTH WASHINGTON AVENUE
P.O. Box 1148
SCRANTON, PA 18501-1148

RECEIVED
SCRANTON
MAR 05 2018
PER_____ DEPUTY CLERK

INMATE MAIL

U.S. POSTAGE >>> PITNEY BOWES
ZIP 17011 $ 002.05⁰
0000345628 MAR 02 2018