# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMENEND MATTHEWS,

      Plaintiff,

v.

SHERRY BARBOUR, et al.,

      Defendants.

3:18-CV-515
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Magistrate Judge Arbuckle's Report and Recommendation ("R&R") (Doc. 16) recommending dismissal of Plaintiff Tamenend Matthews' ("Matthews'") *pro se* complaint (Doc. 1) with prejudice. Matthews alleges that Defendants, several Pennsylvania state prison employees and officials, violated the Eighth Amendment to the U.S. Constitution because Matthews was held in prison after his release date. For the reasons discussed below, the Court will adopt the R&R as modified and dismiss Matthews' complaint with leave to amend.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Matthews' complaint, while seeking to set forth a simple claim for relief, is confusing due to Matthews' complex penological history. The Court will attempt to clarify the factual allegations in this case.

1

On February 2, 2016, Matthews was serving a sentence at SCI Dallas of twenty-four months and twenty-eight days, for a parole violation in Lackawanna County Criminal Matter 09-cr-308. (Doc. 1 at 5). Matthews asserts that this violation "had a controlling maximum date of February 5, 2016," which the Court infers from context was the end of Matthews' sentence for that offense. (*Id.*) Although Matthews does not directly state it, the Court infers that, if there was no additional sentence to be served on any other criminal matters, Matthews should have been released from prison on February 5, 2016.

However, also on February 2, 2016, Matthews was "resentenced" in another criminal matter, Lackawanna County Criminal Matter 13-cr-1867. (*Id.*) Matthews asserts that he was resentenced to "nine (9) to twenty-four (24) months for possession with intent to deliver ("Count 1") followed by three (3) years probation for criminal use of communication facility ("Count 2")." (*Id.*) Matthews alleges that he "was not informed how much time [he] was credited at [his] resentencing," and that he sought clarification from various prison records employees and other officials regarding any possible credited time. (*Id.* at 5-6). Matthews continued to be held at SCI Dallas until March 27, 2016, when he was told by a corrections officer (not named as a Defendant) that "'[he] wasn't supposed to be there,' and to 'pack up' because [he] was being released." (*Id.* at 6). The next day, March 28, 2016, Matthews reported to the Scranton Parole and Probation Office where he "was shown a court order from [his] resentencing on February 2, 2016 that credited [him] with about seven-hundred and ten (710) days on [his] sentence in 13-CR-1867." (*Id.*) Matthews says he was never

2

given a copy of this order, so he is uncertain the exact number of days he was credited. (*Id.*) Matthews never explicitly states what his release date in Criminal Matter 13-cr-1867 should have been, but alleges that he was held in excess of the maximum sentence and seeks damages, filing fees, and court costs. (*Id.* at 7).]

Magistrate Judge Arbuckle performed a preliminary screening review of Matthews' complaint under 28 U.S.C. § 1915(e)(2), as Matthews was a *pro se* prisoner litigant seeking leave to proceed *in forma pauperis*. In a Memorandum Opinion and Order (Doc. 10, Doc. 11) dated November 27, 2018, Magistrate Judge Arbuckle found that Matthews failed to state a viable Eighth Amendment claim under Federal Rules of Civil Procedure 8 and 12(b)(6). Specifically, Magistrate Judge Arbuckle ruled that Matthews failed to allege that the Defendants had knowledge that Matthews was being held beyond his release date, and that even more crucially, Matthews never affirmatively alleged he was held beyond his release date because he is unsure of precisely how much time he was credited at his resentencing. (Doc. 10 at 8-10). Matthews was provided with leave to amend his complaint, extended for an additional period because Matthews changed addresses. (Doc. 11, Doc. 14, Doc. 15). Matthews did not amend his complaint. On March 14, 2019, Magistrate Judge Arbuckle issued his R&R recommending dismissal of Matthews' complaint with prejudice on March 14, 2019. (Doc. 16). Matthews did not file objections to the R&R.

## III. LEGAL STANDARD

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). However, "because a district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report." *Id.* at 100 (internal citations and quotation marks omitted).

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or

4

entity. *See* 28 U.S.C. § 1915(e)(2).[1][2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In evaluating whether a complaint fails to state a claim upon which relief may be granted, the Court applies Federal Rule of Civil Procedure 12(b)(6). A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

6

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### IV. ANALYSIS

Matthews pleads a claim for violation of his Eighth Amendment rights under 42 U.S.C. § 1983. As the R&R notes, being held past one's release date without penological justification can constitute cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 16 at 7); *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989). To plead such a claim requires that the:

> plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Sample*, 885 F.2d at 1110. Upon clear error review, Magistrate Judge Arbuckle properly concluded that based on the factual allegations in the complaint, Matthews failed to allege that prison officials "had knowledge of his problem or the risk that unwarranted punishment

7

was being inflicted." (Doc. 16 at 8). Matthews makes oblique reference to various prison record officials named as defendants and his communications with them seeking information about how much time he may have been credited at his resentencing in Criminal Matter 13-cr-1867, but he never alleges that such officials had knowledge that he was being held or was at risk of being held in excess of his sentence. (Doc. 1 at 5-6). Nor, as Magistrate Judge Arbuckle notes, does Matthews allege that Defendants failed to act or took only ineffectual action to resolve the problem, because Matthews does not clearly allege that he was held beyond his release date. (Doc. 16 at 11-12). As a result of these deficiencies, the complaint fails to state a viable claim for relief.

While Matthews was given a chance to amend his complaint and failed to do so, and also did not submit objections to the R&R, the Court will offer him one final opportunity to amend his complaint because of the seriousness of the allegations and the apparent possibility that Matthews was held beyond his release date. Matthews alleges that he was credited "about" 710 days on his February 2, 2016 resentencing in Criminal Matter 13-cr-1867, and that his maximum sentence in that matter was twenty-four months, or 730 days. (Doc. 1 at 5-6). If he was credited exactly 710 days, it thus appears that Matthews should have been released no later than twenty days after February 2, 2016, or February 22, 2016. If this is in fact what Matthews is alleging, then he needs to do so in an amended complaint, specifying exactly when he should have been released, and he should support such

8

allegations with records from his court proceedings. He must also allege the other required elements of an Eighth Amendment claim.

## V. Conclusion

For the reasons discussed above, the Court will adopt the R&R as modified to permit Matthews to file an amended complaint to sufficiently state an Eighth Amendment claim for relief. A separate Order follows.

_____
Robert D. Mariani
United States District Judge